# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| IRIS NEAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:18-CV-280 (MTT) |
| | ) |
| DAVID SCARBOROUGH and LEE SCARBOROUGH, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Iris Neal has moved to remand this case to the State Court of Bibb County, Georgia. Doc. 7. For the following reasons, the motion is **GRANTED**.

## I. BACKGROUND

On April 25, 2018, the Plaintiff filed a complaint for damages against Defendants David Scarborough and Lee Scarborough in the State Court of Bibb County, Georgia. *See generally* Doc. 1-1. In the complaint, the Plaintiff alleged that, while delivering mail as a postal worker, she was attacked by the Defendants' dogs, causing her to sustain injuries that required surgery and rehabilitation. *Id.* ¶¶ 28-29, 58-59. According to the Plaintiff, due to the dogs' attack, she has incurred, to date, medical expenses in the amount of $28,028.56 and lost wages in the amount of $31,512.23. *Id.* ¶¶ 61-62. In addition to seeking $59,740.79 in damages, the Plaintiff sought compensation for (1) future medical expenses and lost wages; (2) past, present, and future pain and suffering, both physical and mental; (3) past, present, and future diminution in the enjoyment of life; and (4) expenses of litigation, including attorney's fees. *Id.* ¶ 67.

The Defendants were served with the Plaintiff's complaint on May 8, 2018. Docs. 7-3; 7-4. On June 6, 2018, rather than removing the action to federal court, the Defendants filed their answer. Doc. 1-3. During discovery, on July 21, 2018, the Defendants served a request for admissions, requesting the Plaintiff to admit, in relevant part, that she is seeking damages in excess of $75,000. Doc. 1-5 ¶ 2. The Plaintiff admitted that she is but objected to "any attempt by Defendants to use her response to these Requests to justify their failure to timely seek removal." Doc. 1-6 ¶ 1.

On July 30, 2018, the Defendants removed the action to this Court, stating precisely what the Plaintiff suspected—that the Plaintiff's admission established that there was federal jurisdictional based on diversity. Doc. 1 ¶¶ 7, 11. On August 15, 2018, the Plaintiff moved to remand the case, arguing that removal is improper because the Defendants "did not comply with the 30-day time limit requirement" under 28 U.S.C. § 1446(b)(1). Doc. 7-1 at 8.

## II. DISCUSSION

**A.  Legal Standard**

Generally, under 28 U.S.C. § 1441(a), a defendant may remove a civil action from a state court to a federal district court that has original jurisdiction. A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States[.]" 28 U.S.C. § 1332. The party seeking removal "bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

The removing defendant must also timely seek removal pursuant to 28 U.S.C. § 1446. *See N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.3d 270, 273 (7th Cir. 1982)

("While the time limitation imposed by § 1446(b) is not jurisdictional, it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived."). Section 1446 sets forth the procedure for removal of civil actions and provides, in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]
>
> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1); § 1446(b)(3). "When the initial pleading fails to provide at least a clue that the action is removable, the thirty[-]day period does not begin." *Naef v. Masonite Corp.*, 923 F. Supp. 1504, 1511 (S.D. Ala. 1996) (citation omitted). "In such a case, the thirty[-]day time limit for notice of removal begins at the point when the defendant could have intelligently ascertained that the action was removable." *Id.* (citation omitted). The removing defendant has "the task of proving to the court exactly when the thirty[-]day time limit of 28 U.S.C. § 1446 began to run." *Clingan v. Celtic Life Ins. Co.*, 244 F. Supp. 2d 1298, 1302 (M.D. Ala. 2003) (citations omitted) (granting the plaintiff's motion to remand because the defendant failed to remove the case within 30 days of ascertaining the case's removability).

In determining whether removability is apparent from the face of the complaint, a district court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (citation omitted). Put another way, a district court may use its judicial experience and "need not suspend reality or shelve common sense in determining

whether the face of a complaint establishes the jurisdictional amount." *Id.* at 1062 (quotation marks and citations omitted); *see also Williams*, 269 F.3d at 1319 (permitting district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met).

**B.     Analysis**

In her motion for remand, the Plaintiff does not dispute that the citizenship of the parties is diverse or that the amount in controversy exceeds $75,000. Thus, the Plaintiff does not challenge the propriety of removal under 28 U.S.C. § 1332. Rather, the Plaintiff argues that removal is untimely because it was facially apparent from her complaint that the amount in controversy exceeded the jurisdictional threshold, and the Defendants waited until 83 days after receiving service of her complaint to file their notice of removal. Doc. 7-1 at 7-8. In response, the Defendants assert that there is a legal presumption in favor of remand and that remand decisions are non-reviewable; therefore, according to the Defendants, they "pursued the prudent and proper course of first verifying through discovery the amount in controversy" and timely filed their notice of removal within 30 days of receiving this "other paper"—the Plaintiff's response to their request for admissions—pursuant to 28 U.S.C. § 1446(b)(3). Doc. 8 at 1-2. The Court agrees with the Plaintiff.

While it can be appropriate for defendants to engage in discovery to ascertain removability when a plaintiff does not plead a specific amount of damages in her complaint, here, it is facially apparent from the Plaintiff's complaint that the amount in controversy exceeds $75,000. *Roe*, 613 F.3d at 1061 ("[I]t may be facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, *even when the complaint does not claim a specific amount of damages*.")

(quotation marks and citation omitted) (emphasis added). As the Plaintiff points out, had the Defendants considered that the Plaintiff specifically pled in her complaint "past medical expenses and lost wages of $59,740.79 flowing from her injuries and surgery, and the fact that Plaintiff also prayed for compensation for pain and suffering, mental anguish, diminished enjoyment of living, future medical and wage losses, expenses of litigation, and attorney's fees—experience and common sense would have dictated that the value of Ms. Neal's claims (as pled) would have exceeded the minimum jurisdictional requirement."[1] Doc. 9 at 2.

The Defendants argue that while they "certainly could have attempted to remove based on deductions, inferences and extrapolations, Plaintiff has submitted no authority that they were required to do so." Doc. 8 at 2. On the contrary, there is clear authority that the Court may make reasonable deductions, inferences or extrapolations and use its judicial experience and common sense to determine whether the complaint's allegations support removal. *Roe*, 613 F.3d at 1063 ("We have found no case in any other circuit that purports to prohibit a district court from employing its judicial experience or common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy."). If the Court can use common sense to determine whether the allegations in a complaint facially

---

[1] The Plaintiff also contends the Defendants were put on notice that the amount in controversy exceeded $75,000 when they received the Plaintiff's settlement demand for $200,000 in a November 13, 2017 letter. Doc. 7-1 at 8. The Defendants respond that this demand letter was submitted to the Defendants' liability insurance carrier and that there is no evidence the letter was sent to or acknowledged by the Defendants. Docs. 8 at 5; 7-5 at 2. This seems disingenuous; the Court assumes that the lawyers representing the liability insurance carrier and the Defendants had the demand letter before they filed the Defendants' answer. But even assuming the Defendants' lawyers did not have notice of the Plaintiff's demand for $200,000, as discussed below, they could have ascertained from the face of the complaint that the Plaintiff was seeking damages that exceeded the jurisdictional minimum.

establish the amount in controversy, the Defendants should do the same.[2]  *See id.* at 1061 ("Indeed, in some cases, the *defendant* or the court itself may be better-situated to accurately assess the amount in controversy.") (citation omitted) (emphasis added). Indeed, the only reasonable conclusion to draw from a complaint seeking $59,740.79 in special damages, future medical expenses, future lost wages, attorney's fees, and, most significantly, damages for physical and mental pain and suffering is that the Plaintiff seeks more than $75,000.[3]  Therefore, the Defendants' 30-day window of opportunity to invoke federal jurisdiction on the basis of diversity began running on May 8, 2018—the date they were served with the complaint and summons.  That 30-day window expired on June 7, 2018.  The Defendants failed to file their notice of removal until July 30, 2018, approximately three months after receiving service.  Thus, the Defendants have not met the statutory requirement of 28 U.S.C. § 1446(b) to remove the case within thirty days of ascertaining the case's removability.  That is a sufficient ground for remand.

### III. CONCLUSION

Accordingly, the Plaintiff's Motion for Remand (Doc. 7) is **GRANTED**.  This case is hereby remanded to the State Court of Bibb County, Georgia.

**SO ORDERED** this 21st day of September, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Of course, this kind of reasoning "is not akin to conjecture, speculation, or star gazing," and the Defendants are "not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (citing *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009) ("While it would be speculative to specify the exact dollar amount at issue in this case, it is not speculative to conclude from the egregious conduct alleged that the amount, whatever it is, far exceeds $75,000.")).

[3] "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."  *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000).